**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TONEY LAMAR BROWN,

     Petitioner-Appellant,

v.

KEVIN MILYARD, Warden, S.C.F.;
JOHN SUTHERS, Attorney General of
the State of Colorado,

     Respondents-Appellees.

No. 09-1232

(D.C. No. 08-cv-2060-ZLW-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Toney Brown, a Colorado state prisoner appearing pro se, appeals from the district

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial, on statute of limitations grounds, of his 28 U.S.C. § 2254 petition for federal habeas relief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Brown was convicted of aggravated robbery in the District Court of Denver County on February 24, 1999. Brown filed a direct appeal, but the Colorado Court of Criminal Appeals (CCA) ultimately dismissed that appeal on August 12, 2003, due to Brown's failure to file an opening brief. The CCA issued its mandate on October 2, 2003. On October 9, 2003, the CCA denied Brown's pro se motion for reconsideration of its August 12, 2003 order because "[t]he mandate ha[d] issued and th[e] court [wa]s without jurisdiction." ROA, Vol. 1 at 50. On October 17, 2003, Brown filed with the CCA, and the CCA immediately denied, a motion to recall the mandate. Brown did not file a petition for writ of certiorari with the Colorado Supreme Court.

On Friday, October 1, 2004, or Saturday, October 2, 2004, one of Brown's relatives allegedly traveled to Limon, Colorado, where Brown was confined, and obtained from Brown a pro se petition for postconviction relief that Brown had prepared and intended for filing in the state trial court.[1] After obtaining the petition from Brown, Brown's relative allegedly traveled directly to the District Court of Denver County and gave the petition to a person who "identified themselves as a courtroom (16) Clerk." Id.

_____

[1] Throughout this litigation, Brown consistently alleged that these events occurred on October 2, 2004. In his reply to respondents' appellate answer brief, however, Brown now alleges, for the first time, that these events occurred on Friday, October 1, 2004.

at 78.  Not until November 8, 2004, however, was the petition actually docketed by the state trial court's clerk's office.  The state trial court denied Brown's petition on July 1, 2005.  Brown appealed that ruling to the CCA.  The CCA affirmed the denial of postconviction relief on April 10, 2008.  The Colorado Supreme Court denied Brown's petition for writ of certiorari on September 2, 2008.

Brown then initiated these federal habeas proceedings by submitting a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  That petition was received by the district court clerk's office on September 15, 2008, and filed on September 25, 2008.  On January 20, 2009, respondents, at the direction of the assigned magistrate judge, filed a Pre-Answer Response arguing that Brown's petition was untimely.  Brown disputed that argument in his reply to the respondent's Pre-Answer Response.  On May 15, 2009, the district court issued an order dismissing Brown's petition as untimely.  In doing so, the district court concluded "that neither . . . Brown's motion to reconsider nor his motion to recall the mandate extended the date on which [his] judgment of conviction became final because those motions were dismissed [by the CCA] for lack of jurisdiction."  Id. at 93.  Thus, the district court "agree[d] with Respondents that . . . Brown's conviction became final on October 3, 2003."  Id.  In turn, the district court concluded that, even assuming Brown filed his application for postconviction relief on October 2, 2004, "only one day of the one-year limitation period had not run."  Id. at 95.  Finally, the district court concluded that, when the Colorado Supreme Court denied Brown's petition for writ of certiorari on September 2, 2008, "the

3

one-year limitation period began to run again . . . and expired that [same] day." Id. at 96. Thus, the district court held, Brown's petition was untimely when it was received on September 15, 2008. Lastly, the district court concluded that Brown had failed to establish his entitlement to equitable tolling of the limitations period.

Brown filed a timely notice of appeal and requested a certificate of appealability (COA) from this court on several issues. We declined to grant Brown a COA with respect to the district court's determinations that his direct appeal was concluded, and his judgment of conviction became final, on October 3, 2003. We did, however, grant Brown a COA on two issues: (1) whether Colorado's Rules of Appellate Procedure afforded Brown fourteen days from the Colorado Supreme Court's denial of certiorari to file a petition for rehearing; and (2) whether Brown alleged any facts that might justify equitable tolling of the one-year limitations period. Respondents have since filed an answer brief addressing the two issues on which we granted a COA.

II

In considering the district court's dismissal of Brown's § 2254 petition, we review the district court's factual findings for clear error and its legal rulings de novo. Trammell v. McKune, 485 F.3d 546, 550 (10th Cir. 2007). As the district court noted, Congress has "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir.1998) (citing 28 U.S.C. § 2244(d)(1)). Generally, the one-year limitations period starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking

4

such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled, however, by "[t]he time during which a properly filed application for State post conviction relief ... is pending." Id. § 2244(d)(2). Finally, the limitations period may also, upon a showing by the petitioner of diligence and extraordinary circumstances beyond his or her control, be equitably tolled. Lawrence v. Florida, 549 U.S. 327, 336 (2007); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998).

It is indisputable that Brown's § 2254 petition was filed more than one year after his judgment of conviction became final. Specifically, Brown's judgment of conviction became final by the conclusion of direct review on October 3, 2003, and his § 2254 petition was not received by the district court clerk's office until September 15, 2008, nearly five years later. Thus, in determining the timeliness of Brown's § 2254 petition, we focus on the possibilities of statutory and equitable tolling.

Although it is uncontroverted that Brown filed a pro se petition for state postconviction relief, we share respondents' skepticism whether that petition was filed prior to the expiration of the one-year limitations period in § 2244(d)(1). According to Brown, a relative of his picked up the petition from Brown's place of confinement and deposited it with a state court employee on either Friday, October 1, 2004, or Saturday, October 2, 2004. Assuming these events occurred on Saturday, October 2, 2004, the petition could not have been properly filed until the state district court officially reopened the following Monday, October 4, 2004, approximately one day after the federal

limitations period expired.[2]

Even if we were to assume, for purposes of argument, that Brown's petition for state postconviction relief was filed on October 1, 2004, that would have left Brown only two days, following the conclusion of his state postconviction proceedings, in which he could have timely filed his § 2254 petition. According to the record on appeal, Brown's state postconviction proceedings concluded on September 2, 2008, when the Colorado Supreme Court denied his petition for writ of certiorari. Brown's § 2254 petition was not received by the federal district court, however, until September 15, 2004, approximately thirteen days after the Colorado Supreme Court's denial of certiorari.

Although Brown suggests that Colorado's Rules of Appellate Procedure afforded him a period of fourteen days following the Colorado Supreme Court's denial of certiorari in which to file a petition for rehearing, and thus the state postconviction proceedings did not conclude until September 16, 2008, we disagree. To be sure, Colorado Rule of Appellate Procedure 40(a) provides that "[a] petition for rehearing may be filed within fourteen days after entry of judgment . . . ." Colo. R. App. 40(a). But, as respondents correctly note, the term "judgment" refers to "[a] court's final determination of the rights and obligations of the parties in a case," Black's Law Dictionary (8th ed. 2004), and the Colorado Supreme Court has "declared that [the] denial of a petition for certiorari does not constitute a determination of issues on the merits." Bovard v. People,

_____

[2] As we have noted, Brown's petition for state postconviction relief was not actually filed in state district court until November 8, 2004.

6

99 P.3d 585, 593 (Colo. 2004). Thus, Colorado Rule of Appellate Procedure 40(a) does not allow for the filing of a petition for rehearing from the denial of a petition for writ of certiorari.[3]

That leaves only the possibility of equitable tolling. We have held that "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, Brown has offered no reasonable explanation for why he waited nearly a year after his conviction became final to file his pro se application for state postconviction relief. At best, Brown alleges that he prepared his application for state postconviction relief in mid-September of 2004, but was not permitted by prison officials to make a copy of it due to its length. As a result, he alleges, he had to wait until October 2, 2004, to have his relative both copy and file the application. Even assuming the truth of these allegations, Brown has offered no explanation for his failure to act between October 2, 2003, and mid-September 2004, and thus has failed to establish that he pursued his claims diligently. Likewise, Brown has failed to establish any extraordinary circumstances that would warrant equitable tolling. Although he has asserted he is actually innocent of the aggravated robbery conviction, he has failed, to date, to offer any evidence to support that

---

[3] The only exception to this rule occurs if the Colorado Supreme Court, "after granting [a] writ, . . . later denies the same as having been improvidently granted . . . ." Colo. R. App. P. 54(b). That exception does not apply here.

assertion. Thus, we agree with the district court that equitable tolling is not warranted in this case.

The judgment of the district court is AFFIRMED. We DENY Brown's motion for entry of judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge